UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No.  3:02CR241(RNC) |
| | : | |
| JOHN LARRIVEE | : | February 28, 2005 |

UNITED STATES OF AMERICA'S MOTION TO AMEND FORFEITURE
ORDER TO REFLECT MONEY JUDGMENT BALANCE DUE AND TO INCLUDE
SUBSTITUTE PROPERTY OF THE DEFENDANT, AND FOR ISSUANCE
OF SEIZURE WARRANT FOR SUBSTITUTE PROPERTY

The United States of America ("United States"), by and through its attorney, the United

States Attorney for the District of Connecticut, respectfully moves the Court, pursuant to Fed. R.

Crim. P. Rule 32.2(e), to amend the Consent Order of Forfeiture to (1) reflect a $30,927 outstanding

balance due of the forfeiture money judgment, and (2) include as forfeitable substitute property, one

Dell Inspiron 5150 notebook computer.  The United States also moves the Court to issue a seizure

warrant for the aforesaid computer, to preserve its availability for forfeiture.  As grounds for this

motion, the United States relies on the Affidavit of Jaime Swift and the Affidavit of Ryan Mensing,

and states the following.   A proposed Order and a seizure warrant is also submitted with these

pleadings.

Pertinent Facts

On April 2, 2003, the defendant, John Larrivee ("Defendant") entered into a Plea Agreement

with the United States, in which the Defendant pled guilty to one count of conspiracy to possess with

intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and

841(b)(1)(A)(ii).  As part of that Plea Agreement, Defendant agreed to a $44,600 money judgment

forfeiture, which was based on two separate amounts to be included in the money judgment: (1) an agreed-upon sum of $20,000, to be forfeited in lieu of the forfeiture of Defendant's home, which Defendant had used to facilitate his drug trafficking activities; and (2) an agreed-upon sum of $24,600, representing the proceeds of Defendant's drug trafficking activities.

On September 5, 2003, the Court (Hon. Dominic J. Squatrito) issued a Consent Order of Forfeiture (hereinafter, "First Order of Forfeiture"), which pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A)(ii),and 853(a), imposed a $44,600 forfeiture money judgment based on the amounts described in the Plea Agreement. The First Order of Forfeiture also provided that the United States could at any time move for its amendment, to order the forfeiture of substitute property of the Defendant up to a value of $44,600, to satisfy any unpaid portion of the money judgment.

As set forth in the accompanying Affidavit of Jaime Swift ("Swift Affidavit"), since the issuance of the First Order of Forfeiture, the Defendant has paid a total of $13,673 on the $44,600 forfeiture money judgment. This leaves $30,927 of that money judgment still due and owing. See Swift Affidavit.

As set forth in the accompanying Affidavit of DEA Special Agent Ryan Mensing, between Defendant's entry of his guilty plea and his sentencing, Defendant fled the jurisdiction in violation of his conditions of release, and on May 27, 2004, was arrested on a fugitive warrant in Los Vegas, Nevada. Incident to that arrest, agents seized Defendant's Dell Inspiron 5150 notebook computer, which he had taken with him in fleeing across the country. This computer, which remains in government custody, is the substitute property that the United States seeks to forfeit, to partially satisfy the unpaid $30,927 portion of the money judgment.

Argument

I.     Forfeitability of computer as substitute property

Both Fed. R. Crim. P. 32.2 and the pertinent case law authorize the Court to order the forfeiture of substitute property belonging to a defendant in order to satisfy a forfeiture money judgment.  As "substitute" property, such assets consist of property that has no connection to the criminal activity that was the basis for the forfeiture judgment.  See United States v. Pantelidis, 335 F.3d 226, 233-234 (3d Cir. 2003) ("substitute assets are 'assets not associated with the crime'"); United States v. Field, 62 F.3d 246, 247 (8th Cir. 1995) (same).

Fed. R. Crim. P. Rule 32.2(e) states:

> (1)  In General.  <u>On the government's motion, the court may at any time enter an order of forfeiture or amend an existing order of forfeiture to include property that</u>:
>
>> (A) is subject to forfeiture under an existing order of forfeiture but was located and identified after that order was entered; or
>>
>> (B) <u>is substitute property that qualifies for forfeiture under an applicable statute</u>.
>
> (2)   Procedure. If the government shows that the property is subject to forfeiture under Rule 32.2(e)(1), the court must:
>
>> (A) enter an order forfeiting that property, or amend an existing preliminary or final order to include it; and
>>
>> (B) if a third party files a petition claiming an interest in the property, conduct an ancillary proceeding under Rule 32.2(c).
>
> (3)  Jury Trial Limited. There is no right to a jury trial under Rule 32.2(e).

(emphasis supplied).

As stated above, Rule 32.2(e)(1)(B) requires that there be an independent statutory basis for forfeiting "substitute property." In this case there is such a statutory basis, because the narcotics forfeiture statute, 21 U.S.C. § 853, contains a section that specifically authorizes the forfeiture of substitute assets, 21 U.S.C. § 853(p). Also, numerous cases hold that substitute assets may be forfeited to satisfy the unpaid portion of a money judgment. See, e.g., United States v. Candelaria-Silva, 166 F.3d 19 (1st Cir. 1999), cert. denied, 529 U.S. 1055 (2000) (court may order forfeiture of defendant's real property to satisfy outstanding forfeiture money judgment); United States v. Voigt, 89 F.3d 1050, 1088 (3d Cir.), cert. denied, 519 U.S. 1047 (1996) (court may order forfeiture of defendant's property as substitute assets for unsatisfied money laundering forfeiture judgment); In re Billman, 915 F.2d 916, 920 (4th Cir. 1990), cert. denied, 500 U.S. 592 (1991) (under racketeering forfeiture statute, "a forfeiture money judgment can be satisfied out of any of the defendant's assets"); United States v. Baker, 227 F.3d 955 (7th Cir. 2000), cert. denied, 531 U.S. 1151 (2001) (same); United States v. Faulk, 340 F. Supp.2d 1312, 1313-1315 (M.D. Ala. 2004) (unpaid money judgment forfeiture can be satisfied by forfeiture of substitute assets); United States v. Numisgroup Intl. Corp., 169 F. Supp.2d 133 (E.D.N.Y. 2001) (Rule 32.2(e) authorizes forfeiture of substitute assets to satisfy a money judgment, including a judgment based on the value of the missing proceeds and the value of the missing facilitating property); United States v. Davis, 177 F. Supp.2d 470 (E.D. Va. 2001), aff'd, 46 Fed.Appx. 193 (4th Cir. 2002) and aff'd, 63 Fed.Appx. 76 (4th Cir.), cert. denied, 540 U.S. 895 (2003) (if property cannot be forfeited as directly traceable to the offense, it can be forfeited as a substitute asset and used to satisfy a money judgment); United States v. Messino, 917 F. Supp. 1307, 1308 (N.D. Ill. 1996) (court ordered forfeiture of motorcycle as substitute asset in partial satisfaction of money judgment).

As stated in Rule 32.2(e)(1)(B), the Court may "at any time . . . amend[] an existing order of forfeiture to include . . . substitute property." Thus the amended order may be entered after a preliminary order of forfeiture is entered but before it is final as to the defendant; after the order is final as to the defendant and while it is on appeal; and after an appeal is final. See United States v. Voigt, 89 F.3d 1050 (3d Cir. 1996) (court may amend order of forfeiture at any time to include substitute assets); United States v. Hurley, 63 F.3d 1 (1st Cir. 1995), aff'd, 517 U.S. 1105 (1996) (court retains authority to order forfeiture of substitute assets after appeal is filed); United States v. Saccoccia, 62 F. Supp.2d 539 (D.R.I. 1999) (if district court retains jurisdiction to order forfeiture of substitute assets after appeal is filed, then defendant's section 2255 petition cannot interfere with district court's jurisdiction to do same); United States v. Messino, 907 F. Supp. 1231 (N.D. Ill. 1995) (district court retains jurisdiction over forfeiture matters while an appeal is pending; court may order forfeiture of substitute assets and enter final order of forfeiture where no third party files a claim).

After the defendant's interest in the substitute property is ordered forfeited, the United States will, pursuant to Fed. R. Crim. P. Rule 32.2(e)(2)(B) and 21 U.S.C. § 853(n), initiate proceedings necessary to protect any third party interests in the substitute property.

II.    Issuance of seizure warrant

As stated in the Mensing Affidavit, the Dell Inspiron 5150 computer was seized incident to defendant's arrest and remains in government custody. The United States is requesting the issuance of a forfeiture seizure warrant under 21 U.S.C. § 853(f), authorizing the government to retain custody of the property pending the Court's ruling on this motion and pending the resolution of third party claims, if any. The requirements for issuance of the warrant are met, in that (1) for all of the above reasons, there is probable cause to believe that the property is forfeitable, and (2) there is probable

cause to believe that a restraining order under 21 U.S.C. § 853(e) -- that is, returning the computer

to the defendant and ordering that he retain and preserve it pending the outcome of these proceedings

-- "may not be sufficient to assure the availability of the property for forfeiture," 21 U.S.C. § 853(f).

Cf. United States v. Numisgroup Intl. Corp., 169 F. Supp.2d 133 (E.D.N.Y. 2001) (substitute assets

may be restrained post-conviction).

WHEREFORE, the United States respectfully requests that its motion be granted, and that:

(1) the Court issue the proposed Preliminary Second Order of Forfeiture, amending the prior

forfeiture order to reflect the money judgment balance due of $30,927 and forfeiting Defendant's

Dell Inspiron 5150 notebook computer as substitute property; and (2) the Court issue the seizure

warrant for the computer, submitted herewith.

Respectfully submitted

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY


HENRY K. KOPEL
ASSISTANT UNITED STATES ATTORNEY
Fed. Bar No. ct24829
157 Church Street, 23d Floor
New Haven, CT  06510
(203) 821-3700

CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing motion, along with the two

Affidavits and the proposed Order, were sent via postage prepaid first-class mail, this ___ day of

February, 2005 to:

William F. Dow, Esq.
350 Orange Street
New Haven, CT 06503

_____
Assistant U.S. Attorney