UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal No. 3:02CR241(RNC) |
| | : | |
| JOHN LARRIVEE | : | |

PRELIMINARY SECOND ORDER OF FORFEITURE

WHEREAS, the United States has moved to amend the Consent Order of Forfeiture dated September 5, 2003 ("First Order of Forfeiture"), to reflect a forfeiture money judgment amount still due and owing of $30,927, and to include additional property subject to forfeiture as a substitute asset; and

WHEREAS, on April 2, 2003, the defendant, John Larrivee ("Defendant") entered into a Plea Agreement with the United States, in which the Defendant pled guilty to one count of conspiracy to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A)(ii), and in which Defendant agreed to a $44,600 money judgment forfeiture based on the sum of: (1) a $20,000.00 money judgment, in lieu of the forfeiture of Defendant's home, which facilitated his drug trafficking activities; and (2) a $24,600 money judgment equal to the agreed-upon proceeds of Defendant's drug trafficking activities; and

WHEREAS, pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A)(ii), and 853(a), the First Order of Forfeiture, dated September 5, 2003, imposed a money judgment consisting of a total of $44,600, based on the amounts described in the Plea Agreement; and

WHEREAS, the First Order of Forfeiture also provided that the United States could at any time move for its amendment, to substitute property of the Defendant up to a value of $44,600 to satisfy any unpaid portion of the money judgment; and

WHEREAS, the United States has submitted with its Motion, the Affidavit of Jaime Swift, an asset forfeiture legal assistant in the U.S. Attorney's Office, which Affidavit establishes that $30,927 of the $44,600 forfeiture money judgment remains unpaid, because a total of only $13,673 has so far been applied towards satisfying the money judgment; and

WHEREAS, the United States has submitted with its Motion the Affidavit of DEA Special Agent Ryan Mensing, which establishes that at the time of Defendant's arrest in this case, the arresting agents seized from defendant's possession his Dell Inspiron 5150 notebook computer, which remains in government custody;

NOW THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that, pursuant to 21 U.S.C. §§ 846, 841(b)(1)(A)(ii),and 853(a), Defendant shall forfeit to the United States $30,927, representing the unpaid remainder of the original $44,600 forfeiture money judgment in this case; and

IT IS FURTHER ORDERED, pursuant to Fed. R. Crim. P. Rule 32.2(e)(1)(B) and Rule 32.2(e)(2)(A), that the Dell Inspiron 5150 notebook computer seized from Defendant at the time of his arrest (hereinafter, the "Dell Inspiron 5150 computer"), is hereby forfeited to the United States as substitute property; and

IT IS FURTHER ORDERED that the First Order of Forfeiture is hereby amended to reflect an unpaid balance due of the forfeiture money judgment of $30,927, and to include as forfeitable substitute property, the Dell Inspiron 5150 computer; and

IT IS FURTHER ORDERED that the Dell Inspiron 5150 computer shall be seized by the U.S. Marshals Service and held in the custody of the Marshals Service pending the conclusion of the ancillary proceeding; and

IT IS FURTHER ORDERED that it shall be the responsibility of the United States to notify all interested parties of their right to file a claim asserting any legal right, title or interest in the Dell Inspiron 5150 computer, pursuant to 21 U.S.C. § 853(n); and

IT IS FURTHER ORDERED that, as soon as the ancillary proceeding following the issuance of this Order is complete, or if no third party petitions are filed during the 30-day period for filing such claims, the United States shall file a motion and proposed Final Second Order of Forfeiture; and

IT IS FURTHER ORDERED that the Court shall retain jurisdiction in the case for the purpose of enforcing this Order; and

IT IS FURTHER ORDERED that the United States may, at any time, move pursuant to Rule 32.2(e) to amend this Second Order of Forfeiture to substitute property having a value not to exceed the unpaid remainder of the $30,927 forfeiture money judgment, to satisfy that unpaid remainder in whole or in part; and

IT IS FURTHER ORDERED that the Clerk of the Court shall forward four (4) certified copies of this Order to Assistant United States Attorney Henry K. Kopel, P.O. Box 1824, New Haven, Connecticut, 06508.

Dated this _____ day of _____, 2005, at Hartford, Connecticut.

                                        HONORABLE ROBERT N. CHATIGNY
                                        CHIEF UNITED STATES DISTRICT JUDGE